# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALONDA NAFF, et al,<br><br>           Plaintiffs,<br><br>   v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:15-cv-00515 JLT<br><br>ORDER AFTER MID-DISCOVERY STATUS CONFERENCE<br><br>(Doc. 17) |

On January 15, 2016, the Court held the mid-discovery status conference. In their joint status conference statement and at the conference, counsel alerted the Court to various issues that have arisen in completing the discovery. Most issues, though discussed at the conference, required further meet-and-confer efforts before the Court could assist in obtaining a compromise. However, the parties did agree as to an issue related to subpoenas for medical records for the Plaintiffs' daughter.

Plaintiffs have objected to these subpoenas, in essence, because the child's medical problems are not placed at issue by the litigation and because it invades the child's privacy interests. Defendant counters that, because Plaintiffs are raising emotional distress claims that are greater than garden-variety, it is entitled to investigate other sources of stressors.

Counsel agreed that the records would be produced to the Court to conduct an in camera

1

review.[1]  All agreed that in the event the Court finds records that should be disclosed, it will issue an order describing the records generally and identifying them by Bates number.  It will give Plaintiffs a deadline by which they will indicate whether they continue to object to the production of the records.  If they do, the Court will decide whether a further conference would be fruitful or simply authorize defendant to proceed with a motion to compel.  In the event the Court finds no records that should be disclosed, the Court will issue an order broadly outlining its findings and indicating that the subpoenas should be quashed.

The Court will review the records while keeping in mind Defendant's stated purpose for obtaining them.  Thus, the Court will look for records that provide a reasonable basis for alternative sources for emotional distress that rise above the level of a garden-variety emotional distress. Thus, the Court **ORDERS**:

1. As soon as possible, but no later than January 19, 2015, counsel **SHALL** submit a letter to the deposition officer and the recipients of the subpoenas, requiring the records to be gathered and produced as quickly as possible but no later than January 29, 2016.  The letter may be joint or may be provided by Plaintiff's counsel only. After the Court's review, it will proceed as described above;

2. Counsel SHALL meet and confer related to all outstanding discovery disputes and SHALL make best efforts to resolve the issues as soon as possible.  In the event the issues cannot be resolved, counsel SHALL seek an informal conference with the Court before filing any motions to compel.[2]  When seeking the informal conference, they SHALL provide the Court a brief, joint statement outlining the dispute.  The Court will then determine whether informal discussions with the Court will be required before it authorizes the party to file the motion.

IT IS SO ORDERED.

   Dated:   **January 15, 2016**               **/s/ Jennifer L. Thurston**
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff may choose to have a copy of the records produced to her counsel at the same time—at her expense.
[2] As to Defendant's possible motion to amend the case schedule, no further conference with the Court is required before filing the motion **if** the formal meet-and-confer efforts fail to resolve the dispute on this topic.