**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HALONDA NAFF, et al, | ) Case No.: 1:15-cv-00515 JLT |
| Plaintiffs, | ) |
| | ) PRETRIAL ORDER |
| v. | ) |
| | ) Deadlines: |
| STATE FARM GENERAL INSURANCE COMPANY, | ) Motions in Limine Filing: 7/15/16 |
| | ) Oppositions to Motions in Limine: 7/22/16 |
| | ) Hearing on Motions in Limine: 8/1/16, 8:30 a.m. |
| Defendant. | ) |
| | ) Trial Submissions: 7/22/16 |
| _____ | ) |
| | ) |
| AND RELATED COUNTERCLAIM | ) |
| _____ | |

In this action, the plaintiffs claim State Farm improperly refused to pay on their homeowner's policy after the contents of their home were destroyed in a fire.  They bring various causes of action including breach of contract, breach of the covenant of good faith and fair dealing and infliction of emotional distress.

State Farm has filed a counterclaim in which it seeks declaratory relief that the policy was voided due to fraud, that the Naffs have failed to satisfy conditions precedent to State Farm's obligation to pay insurance proceeds and for a determination of the amount of proceeds that should have been paid to the Naffs and the amount State Farm has overpaid to them.

**A.      JURISDICTION/ VENUE**

The Court has diversity jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332.

1  Further, the plaintiff's claims arise out of events that occurred in Kern County, California.

2  Accordingly, venue is proper in the United States District Court for the Eastern District of California

3  sitting in Bakersfield.  *See* 28 U.S.C. § 1391.

4  **B.    JURY TRIAL**

5       The trial will be by jury.  The Court intends to seat eight jurors.  Each side will have four

6  peremptory challenges.

7  **C.    UNDISPUTED FACTS**

8       a.    HALONDA NAFF and JARVIS NAFF are owners of the home located at 331 Donna

9  Avenue, Bakersfield, California.

10      b.    STATE FARM issued to HALONDA NAFF as named insured, Homeowners' Policy

11  87-BX-Q354-5, with a policy period of May 1, 2012 to May 1, 2013 providing coverage for the

12  NAFFS' interest in a personal residence and its contents at 331 Donna Avenue, Bakersfield,

13  California.  The Policy provided coverage, subject to its stated terms, conditions, limitations, and

14  exclusions, for losses to real and personal property at the premises.  A true and correct copy of the

15  Policy is attached as Exhibit "A" to the Counterclaim.

16      c.    On December 26, 2012, a fire damaged said home and personal property belonging to

17  NAFFS.

18      d.    The NAFFS timely reported the claim to STATE FARM

19      e.    On or about May 30, 2013, NAFFS presented an inventory of personal property they

20  claim was damaged by the December 26, 2012 fire and requested financial compensation for the lost

21  and damaged personal property.

22      f.    Thereafter, NAFFS submitted a revised loss inventory to STATE FARM on August 15,

23  2013.

24      g.    The NAFFS, on request, appeared for an examination under oath on March 18, 2014.

25      h.    On December 5, 2014, STATE FARM advised NAFFS that the claim was denied and

26  that NAFFS policy was void as a result of the material misrepresentation and concealment in

27  connection with the claim.

28  **D.    DISPUTED FACTS**

1      All other facts in this case remain in dispute including but not limited to all facts relating to the

2  following:

3      a.      Whether the NAFFS had personal property losses consistent with the inventory of

4  personal property submitted to STATE FARM;

5      b.      Whether the NAFFS cooperated in the investigation of the claim;

6      c.      Whether the NAFFS complied with policy conditions with respect to the claim;

7      d.      Whether NAFFS made material misrepresentations of facts and concealment of

8  documents in the investigation of the claim;

9      e.      Whether there is coverage under the Policy for any portion of the claim;

10      f.      Whether STATE FARM conducted an adequate and/or fair investigation of the

11  Plaintiffs' claim;

12      g.      Whether STATE FARM wrongfully denied the Plaintiffs' claim and voided the policy;

13      h.      Whether STATE FARM's conduct was in conscious disregard of the rights of Plaintiffs

14  and was the result of malice and oppression.

15  **E.      DISPUTED EVIDENTIARY ISSUES**

16      Those set forth in the motions in limine to be filed.

17  **F.      SPECIAL FACTUAL INFORMATION – CONTRACT ACTION**

18      **Plaintiffs' position**

19      (a)      In May 2012, Defendant State Farm issued Policy No. 87-BX-Q354-4, which was

20  supposed to provide insurance coverage in the amount of $154,300 for the dwelling, $15,430 for the

21  dwelling extension, and $115,725 for personal property in the event such property was lost and/or

22  destroyed, including in the event of a fire.  In exchange, the Naffs agreed to pay their premiums, which

23  they did in a timely manner.

24      (b)      The terms and conditions of the insurance agreement between the parties were set forth

25  in State Farm's Insurance Policy No. 87-BX-Q354-4.

26      (c)      None by Plaintiffs.  State Farm misrepresented that it would provide the insurance

27  coverage but failed to do so.

28      (d)  Defendant State Farm breached the terms of the contract by refusing to provide coverage

for the contents of the home which were indisputably destroyed by a horrific fire. In addition, Defendant unreasonably delayed and/or failed to conduct a reasonable or fair investigation into the claim and instead designed a scheme to deny the claim and void the policy altogether.

(e)  Defendant State Farm is estopped from relying on the Plaintiffs' prior bankruptcy as a basis for denying the claim as it was not one of the reasons provided by State Farm for denying the Plaintiffs' claim and voiding the insurance policy. See Code of Regulations, Title 10, Chapter 5, Subchapter 7.5, section 2695.7(b)(1); Spray, Gould & Bowers v. Associated International Ins. Co., 71 Cal.App.4th 1260, 1268-1269 and 1271-1272 (1999); City of Hollister v. Monterey Insurance Company, 165 Cal.App.4th 455, 489, 492, and 500 (2008); Superior Dispatch v. Insurance Corporation of New York, 176 Cal.App.4th 12, 17-21, 24-27 (2009).   The basis for estoppel can be found in a party's silence "when he is under a duty to speak." Dittamanto v. Lompoc Union High School District, 143 Cal.App 2d 715, 721 (1956); Chapis v. County of Monterey, 97 Cal.App.3d 249, 262 (1979); Drennan v. Oliver, 24 Cal.App.3d 571, 581 (1972); Inter-Corp v. Hartford Accident & Indemnity Co., 952 F.2d 1551, 1559 (9th Cir. 1991); B & E Convalescent Center and State Compensation Ins. Fund, 8 Cal.App.4th 78, 86, fn 7 (1992); Phoenix Ins. Co., v. United States Fire, 189 Cal.App.3d 1511, 1527 (1987); Miller v. Elite, 100 Cal. App. 3d 739, 754 (1980); Wetherbee v. United Insurance Company of America, 18 Cal.App.3d 266, 270 (1971); Mullen v. Glens Falls Insurance Co., 73 Cal.App.3d 163, 173 (1977); Austero v. National Casualty Company, 84 Cal.App.3d 1, 32 (1978); Amato v. Mercury Casualty, 53 Cal. App. 4th 825 (1997); Filipino Industries v. Sun Insurance Co., 74 Cal. App. 4th 1429, 1441 (1999).

In addition, State Farm waived any position of judicial estoppel by failing to raise it as an affirmative defense. See Fed. R. Civ. P 8(c).

Additional waiver and unclean hands exist because the Defendant knew about the bankruptcy petition but still advanced a partial payment for personal property loss.

(f)  In terms of their breach of contract claim, Plaintiffs seek to recover the full benefits owed for the loss of personal property damage ($115,725) plus interest accrued from the date of the loss, general damages including pain and suffering and emotional distress, attorney's fees and costs, and punitive damages as a result of State Farm's bad faith.

(g)      Plaintiffs seek to recover the full benefits owed for the loss of personal property damage ($115,725) plus interest accrued from the date of the loss, general damages including pain and suffering and emotional distress, attorney's fees and costs, and punitive damages as a result of State Farm's bad faith.

**Defendant's position**

(a) State Farm issued to Halonda Naff as named insured Homeowners' Policy 87-BX-Q354-5, with a policy period of May 1, 2012 to May 1, 2013 providing coverage for the Naffs' interest in a personal residence and its contents at 331 Donna Avenue, Bakersfield, California.  The Policy provided coverage, subject to its stated terms, conditions, limitations, and exclusions, for losses to real and personal property at the premises.  The parties have stipulated that policy states, in part:

SECTION I – CONDITIONS

2.      Your Duties After Loss.  After a loss to which this insurance may apply, you shall see that the following duties are performed:

c.      prepare an inventory of damaged or stolen personal property.  Show in detail the quantity, description, age, replacement cost and amount of loss.  Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

d.      as often as we reasonably require:

(2)      provide us with records and documents we request and permit us to make copies;
…

6.      Suit Against Us.  No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within one year after the date of loss or damage.

…

SECTION I AND SECTION II – CONDITIONS

2.      Concealment or Fraud.  This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss.

(b)      There were no oral or written modifications or collateral agreements.

(c)      State Farm submits that the misrepresentation of material facts pertaining to the insurance voided the policy by their conduct as follows:

a.      Intentionally discarding, and therefore concealing from STATE FARM, documents, including financial documents pertaining to the personal property on the loss inventories submitted which were requested for purposes of

evaluating the claim;

    b.     Misrepresentation and concealment concerning the existence and amount of inventory which was purportedly damaged; and grossly inflating the value and quantity of items allegedly damaged.

When faced with manifest overvaluation of a claim a court is justified in inferring that the overstatement was deliberate, voiding a claim on the fraud provision of the policy.  Hyland v. Millers National Insurance Company, 91 F.2d 735, 743 (9th Cir. 1937.)

(d)     State Farm submits that Plaintiffs voided the contract with their fraudulent misrepresentations.  In the alternative, State Farm submits that Plaintiffs breached their duties of cooperation in the contract by failing to provide material documentation pertaining to their claim for damages to personal property required by the language of the policy.  The provisions of the insurance policy and California case law require a claimant to provide the insurer with adequate information in order to fully process, investigate and evaluate a claim.  Globe Indem. Co. v. Superior Court (Los Angeles), 6 Cal. App. 4th 725, 731 (1992).  Indeed, the contractual obligation to provide policy proceeds does not arise until the claimant provides the insurer with adequate and sufficient information to support a claim.  Id.

(e)     As set forth in its Motion for Summary Judgment State Farm submits that Plaintiffs are judicially estopped from presenting evidence inconsistent with their bankruptcy petition.

(f)(g)   Relief sought:  As set forth in greater detail in §7b, infra, State Farm seeks recovery of the $169,088.12 already paid to or on behalf of the Naffs in connection with the claim, as well as an additional $31,005.05 of unnecessary investigation expenses incurred as a result of the factually false claim.

## G.   RELIEF SOUGHT

Plaintiff seeks compensatory damages, in the form of economic and noneconomic losses and punitive damages.  They seek also attorney's fees, costs, prejudgment and post judgment interest.

On their counterclaim, State Farm seeks reimbursement for payments made pursuant for the dwelling repair and additional living expenses, as well as the advance payments made for personal property.  State Farm also seeks reimbursement for the cost for investigating the "factually false claim."

///

**H.    POINTS OF LAW**

Set forth in the joint statement

**I.    ABANDONED ISSUES**

None.

**J.    WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

**No later than July 8, 2016**, counsel for the defendant will notify counsel for the plaintiffs whether all employees/contractors of State Farm will be produced without need for a subpoena. Plaintiffs will produce themselves and their children at trial without need for a subpoena.  Counsel will meet and confer to schedule witnesses so they can be timely produced without disrupting the flow of the trial.

**Plaintiffs' Witness List:**

1. Halonda Naff (as plaintiff, percipient witness and expert)
2. Jarvis Naff
3. Jalasia Naff
4. Jarvis Naff Jr.
5. Jeremy King
6. Joshlyn Naff
7. Sharon Endsley
8. David Coston
9. Rodney Woods
10. James Smith
11. James Stemler

12. Jill Petrarca

13. Michael Avery

14. Michael Byrum

15. Thomas Collier

16. Scott Johnson

17. Jean Daly

18. Jennifer Molina

19. Curtis Floyd

20. Henry Pacheo

21. Person Most Knowledgeable from State Farm regarding its financial condition

22. David Peterson (expert)

Plaintiffs reserve the right to call any and all witnesses identified by Defendant and any witnesses for impeachment purposes.

**Defendants' Witness List:**

1.      Defendant's list includes all of the witnesses identified by the plaintiffs and also includes[1]:

2.      Person Most Knowledgeable/Custodian of Records from AAA Mini Storage

3.      PMK/COR Kern Medical Center

4.      PMK/COR Owens Valley Career Development Center

5.      PMK/COR Kern Federal Credit Union

6.      PMK/COR Curran Middle School/Bakersfield City School District

7.      PMK/COR Kern High School District

8.      PMK/COR Scott's Youth Facility

9.      PMK/COR PCL Industrial Services, Inc.

10.     PMK/COR Chase Bank

11.     PMK/COR Kay Jewelers

---

[1] Defendant clarifies that it identifies James Smith, James Stemler, Jean Daly, Jill Petrarca, Michael Avery, Michael Bynum, Sharon Endsley and Thomas Collier as experts and as percipient witnesses.

8

12.   PMK Bakersfield Police Department

13.   Christopher Peck

14.   James Jones

15.   Juan Orozco

16.   Chad Garrett

17.   Jess Beagley

18.   Edgar Aguilera

19.   Carlos Benavidez

20.   Dan Brown

21.   PMK/COR Bakersfield Fire Department

22.   Arlene Sanders

23.   Crystal Sanders

24.   Stephen Thomas

25.   Dee Barrientos

26.   PMK Farmers Insurance Company

**K.   EXHIBITS, SCHEDULES AND SUMMARIES**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

**Plaintiffs' Exhibits**

1. State Farm Insurance Policy and Declarations Page

2.  Photographs

3. Interview of Sharon Endsley (audio and transcription)

4. Audio Interview of Halonda Naff (audio and transcription)

5. Audio Interview of Halonda Naff (audio and transcription)

6. Audio Interview of Jarvis Naff (audio and transcription)

7. Audio Interview of Jarvis Naff (audio and transcription)

8. Excerpts of State Farm Operations Guide

9. Endsley List

10. Excerpts from State Farm Claims File

11.  Naff Inventory (May)

12. Naff Inventory (August)

13. Excerpts from State Farm Guidelines

14. December 5, 2014 letter to Plaintiffs from State Farm

15. Excerpts from David Peterson file

16. Floor Plan of Plaintiffs' home

17. Select exhibits attached to deposition of Curtis Floyd

18. Select exhibits attached to deposition of David Coston

19.  Select exhibits attached to deposition of David Peterson

20.  Select exhibits attached to deposition of Halonda Naff

21. Select exhibits attached to deposition of Jarvis Naff

22.  Select exhibits attached to deposition of James Smith

23.  Select exhibits attached to deposition of James Stemler

24. Select exhibits attached to deposition of Jean Daly

25. Select exhibits attached to deposition of Jill Petrarca

26. Select exhibits attached to deposition of Michael Avery

27. Select exhibits attached to deposition of Michael Bynum

28. Select exhibits attached to deposition of Sharon Endsley

29. Select exhibits attached to deposition of Thomas Collier

30.  Records which reflect State Farm's financial condition

Plaintiffs reserve the right to introduce any exhibits identified by Defendant and/or any exhibits for impeachment purposes.

**Defendants' Exhibits**

1.      Notice of Taking Deposition of Sharon Endsley with Request for Production of Documents

1          2.       Transcript of Recorded Statement of Sharon Endsley, taken 7/28/14

2          3.       Inventory List prepared by Sharon Endsley (#SF-266-364)

3          4.       Inventory List Prepared by Sharon Endsley w/ Color Photos of Naff Home Taken Post-

4    Fire (Provided By Defense Counsel; #SF-267-525)

5          5.       Color Photos (19) of Naff Home Taken Post-Fire

6          6.       Diagram of Floor Plan of Naff Home (#SF-2885)

7          7.       Amended Notice of Taking Depositions of Tom Collier, Michael Avery and Jill Petrarca

8    With Request for Production of Documents

9          8.       State Farm Fire Claim File/File History Information Notes (#SF-23-109)

10         9.       Inventory List Comparison Spreadsheet prepared by Tom Collier; compares first Naff

11   Inventory w/ second Naff Inventory (#SF-2898-2931)

12         10.      Notice of Taking Deposition of the PMK of State Farm

13         11.      Letter from Jim Smith, SF SIU, to Attorney Jean Daly, dated 9/9/13, re request for

14   meeting to discuss concerns re Naffs' fire claim (#SF-866-867)

15         12.      Personal Property Inventory Customer Worksheet prepared by Halonda Naff, dated

16   5/29/13 (#SF-3231-3286)

17         13.      Personal Property Inventory Customer Worksheet prepared by Halonda Naff, dated

18   8/13/13 (#SF-3044-3079)

19         14.      Color Photos (16) of Naff Home Taken Post-Fire

20         15.      Letter from Jill Petrarca, SF SUI, to Halonda Naff, dated 12/5/14, re denial of fire loss

21   claim and notice of voiding Naffs' HO policy as of the 12/26/12 date of loss (#SF-943-946)

22         16.      Email String between Tom Collier and Jim Smith, dated April 2013, re National

23   Insurance Crime Bureau Hotline Referral/Tip from anonymous caller re allegation that Halonda Naff

24   intentionally burned her house down (SF#3288-3292)

25         17.      Inventory List Comparison Spreadsheet prepared by Tom Collier; compares Sharon

26   Endsley's inventory w/ Naffs' inventories  (#SF-1027-1172)

27         18.      Transcript of Recorded Statement of Halonda Naff, taken 6/21/13

28         19.      Transcript of Recorded Statement of Jarvis Naff, taken 6/25/13

11

20.     Transcript of Recorded Statement of Sharon Endsley, taken 7/28/14

21.     Transcript of Recorded Statement of Halonda Naff, taken 1/29/13

22.     Transcript of Recorded Statement of Jarvis Naff, taken 2/11/13

23.     CA Department of Insurance Suspected Fraudulent Claim Referral Form re Naff Fire Claim submitted online by Tom Collier (#SF-3018-3019)

24.     Status Letter from Tom Collier to Halonda Naff, dated 8/27/13, re notice that Mr. Collier is in receipt and reviewing Naff personal property loss inventory (#SF-874)

25.     Claim File Notes, dated April 2014 (#SF-54)

26.     Claim File Notes, dated April 2014 (#SF-53)

27.     State Farm's "Our Commitment to Our Policyholders" statement regarding claim handling and State Farm's Operations Guide, Claim Practices Fire, Documentation of Property Loss, dated 4/2/08

28.     Claim File Notes, dated June 2014 (#SF-43)

29.     Claim File Notes, dated May 2014 (#SF-50)

30.     Letter from CA Department of Insurance to Tom Collier, dated 10/15/13, re receipt of suspected fraudulent claim and notice that Fraud Division will not be assigning investigator at this time (#SF-836)

31.     Letter from Michael Bynum, SF SIU, to Jeffrey Sroufe of CA Department of Insurance, dated 12/12/14, re notice that Naffs' fire claim was denied and their policy was voided (#SF-942)

32.     Facebook Posts by Bosschicc Williams re allegations that Halonda Naff had her little brother and dad killed for insurance money; blew up the daycare across the street and her house on Donna; blew up 2 of Williams' cars and 2 of her cars (#SF-2798-2803)

33.     Bakersfield Fire Department Incident Report No. 2012-1229632 (#SF-3441-3447)

34.     Stemler Fire Investigations Report, dated 1/11/13 (#SF-3422-3440)

35.     Portion of the Naffs' Underwriting File (#SF-3459-3508)

36.     Contents Inventory Summary Spreadsheet (SF#3509-3550)

37.     Pages 1 and 2 of the Personal Property Inventory Customer Worksheet prepared by Halonda Naff, dated 5/29/13 (#SF-3551-3552)

12

38.    Color Photos (14) of Naff Home Taken Post-Fire

39.    Diagram of Floor Plan of Naff House w/ Markings; originally labeled Exhibit 6 (#SF-2885)

40.    Diagram of Floor Plan of Naff House w/ Markings; originally labeled Exhibits 6 and 39 (#SF-2885)

41.    Color Photos (5) of Naff Home Taken Post-Fire (SF#504-508)

42.    Structural Damage Claim w/ Patio Cover Estimate and Diagrams of Naff House (SF#2877-2887)

43.    Claim Committee Report – First Party (SF#959-974)

44.    Request for Assistance/Complaint prepared and submitted by Halonda Naff to the CA Department of Insurance, Claims Service Bureau (#SF-2128-2130)

45.    Letter from Jeffrey Sroufe of CA Department of Insurance to Marie Lehmann, Complaint Coordinator for State Farm, dated 9/30/14, re receipt of Request for Assistance/Complaint and request that State Farm re-evaluate claim (#SF-2126-2127)

46.    Letter from Jill Petrarca to Halonda Naff, dated 10/15/14, re acknowledgement of complaint filed with the CA Department of Insurance and notice of ongoing investigation; once investigation is complete, State Farm will advise Naffs of coverage determination (#SF-2114)

47.    California Complaint Fact Sheet; required to complete if formal complaint is made (#SF-2123-2125)

48.    Email String between Plaintiff's Counsel and Defense Counsel, dated October 2015, re deposition schedule re Naffs and David Coston and meet and confer re repeat questions at depositions

49.    Notice of Deposition of Halonda Naff with Production of Documents

50.    Transcript of Examination Under Oath of Halonda Naff, taken 3/18/14

51.    Plaintiffs' Objections to Notice of Deposition of Halonda Naff with Production of Documents

52.    Court Docket of 1999 Chapter 7 Bankruptcy filed by Jarvis Naff in U.S. Bankruptcy Court, Eastern District of CA (Fresno), Case No. 99-14349

53.    2010 Chapter 7 Bankruptcy Petition/Documents filed by Naffs in U.S. Bankruptcy Court, Eastern District of CA (Fresno), Case No. 10-18614

54.    Transcript of Recorded Statement of Jarvis Naff, taken on 2/11/13

55.    Transcript of Recorded Statement of Jarvis Naff, taken on 6/25/13

56.    Transcript of Examination Under Oath of Jarvis Naff, taken on 3/18/14

57.    Jarvis Naffs' Responses to State Farm's Special Interrogatories, Set One

58.    Re-Notice of Taking Deposition of Jim Stemler with Request for Production of Documents

59.    Resume of James Stemler

60.    Fire Investigation Records/File of James Stemler

61.    Civil Subpoena for Fire Investigation Records/File of James Stemler (prepared/served by Appleby & Co.)

62.    Color Photos (9) of Naff Home Taken Post-Fire

63.    Photocopy of CD Produced by James Stemler that contains his report and all photos he took

64.    Color Photos (125) printed from CD produced by James Stemler

65.    Photo Log (w/ 16 Color Photos) attached to James Stemler's  Report

66.    Investigation Notes of James Stemler

67.    Color Photos (20) tabbed by James Stemler that depict areas of the Naff home he sifted through post-fire

68.    Color Photo (1) w/ markings

69.    Re-Notice of Taking the Deposition of David Coston

70.    Letter from Plaintiff's Counsel to David Coston, dated 1/6/16, re confirmation of 1/26/16 deposition (sent via email)

71.    Construction Bid and Contract between Images Builders and Plaintiffs, dated January 2013; total estimate is $124,160.75

72.    "Naff Contract" Manila Envelope, which contains various receipts and invoices

73.    "Naff 1 of 2" Manila Envelope, which contains various receipts, invoices, correction notices, blueprints, building permits

74.    "Naff 2 of 2" Manila Envelope, which contains various receipts and invoices

75.    Blueprints (OVERSIZED EXHIBIT)

76.    Amended Re-Notice of Taking the Deposition of Jim Smith With Request for Production of Documents

77.    Color Photos (21) [Part of Exhibit 64:  Color Photos (125) printed from CD produced by James Stemler]

78.    Email from Michael Avery to Tom Collier, dated 3/27/13, with attached content report of Image Builders (prepared by Sharon Endsley)

79.    List of Subpoenas Issued by State Farm in subject action

80.    State Farm Renewal Certificate/Declaration Page

81.    Amended Re-Notice of Taking the Deposition of Jean M. Daly with Request for Production of Documents

82.    R&M Naff Production 0001-0973

83.    R&M Naff Production 0974-1962

84.    R&M Naff Production 1963-3027

85.    Bottomline Legal eXchange Invoices from State Farm's Internal Billing System

86.    Opinion Letter, dated 11/4/14, from Jean Daly to Tom Collier and Addendum to Opinion Letter (SF-0980 - SF-1026)

87.    Addendum to Opinion Letter (R&M Naff Production 1180-1184) 88.    Various Letters to Halonda Naff and Curtis Floyd from Jean Daly

89.    State Farm's "Our Commitment to Our Policyholders" statement regarding claim handling and State Farm's Operations Guide, Claim Practices Fire, Documentation of Property Loss, dated 4/2/0890.    State Farm's "Our Commitment to Our Policyholders" statement regarding claim handling

91.    Subpoena to Curtis Floyd to Testify at a Deposition in a Civil Action

92.   Documents from Jean Daly's File (consists of correspondence to/from Curtis Floyd)

93.   Plaintiff's Disclosure of Expert Witnesses    David F. Peterson    (Vol. I – 04/08/16)

94.   State Farm Homeowners Insurance Policy No. 87-BX-Q354-4 issued to Halonda Naff (effective 5/1/12 to 5/1/13)

In addition, State Farm identifies the following:

1.   The complete claim file for Claim no. 55-232H-498 (SF 1-3458)

2.   State Farm's complete underwriting file for Policy 87-X-Q354-4

3.   All photographs of the Naffs' home

4.   The complete Bakersfield Fire Department file, including photographs, pertaining to the December 26, 2012 fire.

5.   The complete records obtained from AAA Mini Storage

6.   The complete records obtained from David Coston dba Image Builders

7.   The complete records obtained from Emanuel V. Dozier, M.D

8.   The complete records obtained from Kern Medical Center

9.   The complete records from Curran Middle School/Bakersfield City School District

10.   The complete records obtained from Kern High School District

11.   The complete records obtained from CA Department of Social Services

12.   The complete records obtained from Owens Valley Career Development Center

13.   The complete records  obtained from Scott's Youth Facility

14.   The complete records pertaining to other claims made by the Naffs to State Farm

15.   The complete records obtained from JP Morgan Chase Bank

16.   The complete records obtained from Kern Federal Credit Union

17.   The complete records obtained from Kay Jewelers, a division of Sterling Jewelers, Inc.

18.   The complete records obtained from PCL Industrial Services, Inc.

19.   The complete records obtained from Bakersfield Police Department

20.   Public records from Kern County Superior Court pertaining to actions involving the Naffs.

21.   The complete records obtained from Farmers Insurance Company

16

22.     Deposition transcript of Halonda Naff, Vols. I, II, and III

23.     Deposition transcript of Jarvis Naff, Vols. I and II

24.     Deposition transcript of Sharon Endsley

25.     Deposition transcript of Thomas Collier

26.     Deposition transcript of Michael Avery

27.     Deposition transcript of Jill Petrarca

28.     Deposition transcript of James Stemler

29.     Deposition transcript of Jeremy King

30.     Deposition transcript of Jarvis Naff, Jr.

31.     Deposition transcript of Jalasia Naff

32.     Deposition transcript of James Smith

33.     Deposition transcript of David Coston

34.     Deposition transcript of Jean Daly

35.     Deposition transcript of Michael Bynum

36.     Deposition transcript of Curtis Floyd

37.     Deposition transcript of David Peterson

38.     Plaintiffs' Disclosure of Expert Witnesses

39.     The complete Robie & Matthai file

On or before **July 15, 2015**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examining each other's exhibits.

1.     At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits.  In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist.  Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference.

2.     At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence.  These exhibits **SHALL** be marked as a joint exhibit

17

and numbered as directed above.  Joint exhibits **SHALL** be admitted into without further foundation.

All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.).  Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits.  The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

3.     As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party.   Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.     Each exhibit binder shall contain an index which is placed in the binder before the exhibits.   Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

5.     On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation."

18

6. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **August 5, 2016**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk.

7. The Parties **SHALL** number each page of any exhibit exceeding one page in length.

///

## M. DISCOVERY DOCUMENTS

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiff's Discovery**

1. State Farm's Initial Rule 26 Disclosure

2. State Farm's Response to Request for Production of Documents

3. State Farm's Responses to Special Interrogatories

**Defendants' Discovery**

1. Plaintiffs' Initial and Amended Rule 26 Disclosures

2. Plaintiffs' Responses to Request for Production of Documents

3. Plaintiffs' Responses to Special Interrogatories (Including Further Responses)

4. Plaintiffs' Responses to Request for Admissions

In the event the parties wish to admit any portion of a discovery document, the specific discovery request, e.g., interrogatory, request for admission, must be redacted so that any extraneous

request/response is omitted.

**N.    FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party.

**O.    MOTIONS IN LIMINE**

Any party may file motions in limine.  The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial.  "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."  Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); Jonasson v. Lutheran Child and Family Services, 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  Id.

**In advance of filing any motion in limine, counsel SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  Along with their motions in limine, the parties SHALL file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute.  Failure to provide the certification may result in the Court refusing to entertain the motion.**

Any motions in limine must be filed with the Court by **July 15, 2016**.  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **July 22, 2016**. The Court sets a hearing on the motions in limine on **August 1, 2016**, at 8:30 a.m. Appearances via Courtcall are authorized.

The parties are reminded they may still object to the introduction of evidence during trial.

**P.    STIPULATIONS**

None.

**Q.    AMENDMENTS/ DISMISSALS**

None.

**R.    SETTLEMENT NEGOTIATIONS**

None.

20

**S.      AGREED STATEMENT**

None

**T.      SEPARATE TRIAL OF ISSUES**

Defendant requests the issue of punitive damages and attorney's fees be bifurcated from the liability portion of the trial.  In particular, the defendant is concerned that it will be prejudiced if the plaintiffs' counsel testify as to the value of the services rendered.

The Court concludes that bifurcation would serve the interests of justice _unless_ the plaintiff intends to prove up the attorneys' fees via a stipulation or other method that does not involve trial counsel testifying.  However, in the even the second phase is necessary counsel should be prepared that it will start immediately.

**U.      APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**V.      ATTORNEYS' FEES**

Depending upon the outcome of the case, the plaintiffs will seek an award of attorney's fees.

**W.      TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Jury trial is set for **August 9, 2016**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the United States Courthouse, 510 19th Street, Bakersfield, California.  Trial is expected to last 7 to 15 days.

**X.      TRIAL PREPARATION AND SUBMISSIONS**

**1.      Trial Briefs**

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **July 22, 2016**.

**2.      Jury Voir Dire**

The parties are required to file their proposed voir dire questions, in accordance with Local Rule 162.1, on or before **July 22, 2016**.

**3. Jury Instructions & Verdict Form**

The parties shall serve, via e-mail or fax, their proposed jury instructions in accordance with

1   Local Rule 163 and their proposed verdict form on one another no later than **July 15, 2016.** The

2   parties shall conduct a conference to address their proposed jury instructions and verdict form no later

3   than **July 22, 2016**. At the conference, the parties **SHALL** attempt to reach agreement on jury

4   instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and

5   verdict form no later than **July 29, 2016**, and identify such as the agreed-upon jury instructions and

6   verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury

7   instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

8        **If and only if, the parties after genuine, reasonable and good faith effort** cannot agree upon

9   certain specific jury instructions and verdict form, the parties shall file their respective proposed

10  (disputed) jury instructions and proposed (disputed) verdict form no later than **July 29, 2016,** and

11  identify such as the disputed jury instructions and verdict forms.  At the same time, the parties

12  **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed)

13  verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

14        In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury

15  Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict

16  forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's,

17  defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction

18  describing the subject matter, the **complete** text of the instruction, and the legal authority supporting

19  the instruction.  Each instruction SHALL be numbered.

20        **4.**     **Statement of the Case**

21        The parties **SHALL** file a joint non-argumentative, brief statement of the case which is

22  suitable for reading to the jury at the outset of jury selection on or before **July 22, 2016**.  In the event

23  they cannot agree on a joint statement, each side SHALL file a non-argumentative, brief statement of

24  the case on or before **July 22, 2016.**

25        **5.**     **Juror Questionnaire**

26        The defendant seeks to use a juror questionnaire, though the plaintiffs object.  Counsel will

27  meet and confer to determine whether they can come to agreement as to whether a questionnaire will

28  be used and, if so, how the questions should read.  No later than **July 8, 2016**, counsel for the

defendant **SHALL** e-mail the draft questionnaire to counsel for the plaintiffs.  Counsel for the defendant **SHALL** file the proposed questionnaire no later than **July 15, 2016**.  In the event the plaintiffs continue to disagree about using a questionnaire or disagree about the wording of the questions, they **SHALL** file their written objections no later than **July 15, 2016**.

**Y.    OBJECTIONS TO PRETRIAL ORDER**

Any party may, within 10 days after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Such objections shall clearly specify the requested modifications, corrections, additions or deletions.

**Z.    MISCELLANEOUS MATTERS**

None.

**AA.    COMPLIANCE**

Strict compliance with this order and its requirements is mandatory.  All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.


IT IS SO ORDERED.

Dated:   **July 1, 2016**                                **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE