# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALONDA NAFF, et al., | ) Case No.: 1:15-cv-00515 - JLT |
| Plaintiffs, | ) ORDER RE: JURY QUESTIONNAIRE |
| v. | ) |
| STATE FARM GENERAL INSURANCE COMPANY, | ) |
| Defendant. | ) |
| AND RELATED CROSS-CLAIMS | ) |

The platiniffs contend State Farm wrongfully cancelled their insurance policy and denied their insurance claim following a house fire that caused the loss of their personal property. State Farm argues the Naffs made material misrepresentations related to their claim which justified the cancellation of their policy. State Farm asserts its actions were proper and seeks a declaration of rights in its counterclaim.

The matter is set for jury trial on August 9, 2016 and State Farm wishes to use a jury questionnaire because it is concerned that there may be jurors who have strong feelings about insurance companies that, if expressed during normal voir dire, may contaminate the entire jury panel. The Naffs contend that this case is not unique and that a questionnaire is best suited for situations where jurors may be embarrassed or made uncomfortable by the responses they must give to voir dire. (Doc. 40 at

1

3) Ordinarily, the Court would agree.  However, counsel estimate that this trial will last seven to fifteen days.  (Doc. 35 at 29, 30)  Also, due to the unavailability of the Court, there will be a gap during the middle of trial.  These factors will likely result in many hardship requests and a slimming of the panel of prospective jurors.

In addition, the panel of potential jurors will not be large enough to tolerate "contamination" by an overly vocal prospective juror and the Court will not have immediate access to additional jurors.  Because of the potential to delay the trial, the Court concludes that a jury questionnaire will identify those who may require questioning outside of the presence fellow jurors.  The Court anticipates only minimal delay caused by the use of the questionnaire and, despite the Court's earlier inclination to mail the questionnaires to the jurors, the Court has decided that the jurors will not be exposed to the content of the questionnaire until they arrive for jury service.  This will minimize the risk of jurors forming any opinions about the nature of the case.

On the other hand, the Court does not find that either proposed questionnaire achieves the limited goals discussed at the pretrial conference.  The defendant's proposed questionnaire asks some questions the answers to which pose little potential to "weed out" jurors who lack the ability to be fair and impartial.  In contrast, the plaintiffs' proposed questionnaire, while identifying those who may have significant potential for bias, fails to be broad enough to capture the bulk of this population.  Thus, the Court has constructed its own questionnaire, attached hereto.  The questionnaire is not a substitute for full voir dire but is intended only to alert the Court to those prospective jurors who should be examined, at least in part, outside of the presence of fellow jurors.

Thus, the defendant's request to use a jury questionnaire is **GRANTED** in **PART** and the plaintiffs' objections are **OVERRRULED**.  Any objections or proposed changes to the jury questionnaire may be filed by July 29, 2016.

IT IS SO ORDERED.

Dated:   **July 19, 2016**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

**Juror Questionnaire**

This case involves allegations that an insurance company refused to pay an insurance claim and that the people making the insurance claim made false statements about the value of the items that were insured.

To assist the parties and the Court in making jury selection as efficient as possible, please answer the following questions:

**1. Have you or any member of your immediate family ever been in a dispute with <u>any</u> insurance company for <u>any</u> reason including, for example, a dispute over payment of an insurance claim?**

Yes_____     No_____   If yes, please explain:


**2. Has <u>any</u> insurance company ever claimed that you or a member of your immediate family made false statements related to an insurance claim?**

Yes_____     No_____   If yes, please explain:


**3. Is there anything about your experience with insurance companies or about the allegations made in this lawsuit that would impact your ability to be fair in this case?**

Yes_____     No_____   If yes, please explain:


**I declare under penalty of perjury according to the laws of the State of California, that the foregoing is true and correct.**

Print your full name: _____

Signature: _____