**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HOLANDA NAFF, et al., | ) | Case No.: 1:15-cv-00515 - JLT |
| Plaintiffs, | ) ) | JURY INSTRUCTIONS |
| v. | ) ) | |
| STATE FARM GENERAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

The jury instructions attached hereto were read to the jury in open court.

DATED:  8/18/2016                           MARIANNE MATHERLY, CLERK OF COURT


By:__/s/ W. Kusamura_____
        Wendy Kusamura, Deputy Clerk

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with to the jury room, if you request.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

A corporation is entitled to the same fair and impartial treatment that you would give to an individual. You must decide this case with the same fairness that you would use if you were deciding the case between individuals.

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which have been received into evidence; and

3.      any facts to which the lawyers have agreed or stipulated.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Some evidence may have been admitted only for a limited purpose.

When I have instructed you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.


The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Evidence that a witness has been convicted of a crime or lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

During the trial, you received deposition testimony that was read from the deposition transcript. A deposition is the testimony of a person taken before trial. At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was presented to you in the same way as you consider testimony given in court

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Halonda Naff and Jarvis Naff claim that State Farm breached its duty to pay them for a loss covered under an insurance policy. To establish this claim, Halonda Naff and Jarvis Naff must prove all of the following by a preponderance of the evidence:

1.      That Halonda Naff and Jarvis Naff suffered a loss, all or part of which was covered under an insurance policy with State Farm;

2.      That State Farm was notified of the loss; and

3.      The amount of the covered loss that State Farm failed to pay.

In every insurance policy there is an implied obligation of good faith and fair dealing that neither the insurance company nor the insured will do anything to injure the right of the other party to receive the benefits of the agreement.

To fulfill its implied obligation of good faith and fair dealing, an insurance company must give at least as much consideration to the interests of the insured as it gives to its own interests.

To breach the implied obligation of good faith and fair dealing, an insurance company must unreasonably act or fail to act in a manner that deprives the insured of the benefits of the policy. To act unreasonably is not a mere failure to exercise reasonable care. It means that the insurer must act or fail to act without proper cause. However, it is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.

Halonda Naff and Jarvis Naff claim that State Farm breached the obligation of good faith and fair dealing by failing to pay benefits due under the insurance policy. To establish this claim, the plaintiffs must prove all of the following by a preponderance of the evidence:

1.  That Halonda Naff and Jarvis Naff suffered a loss covered under an insurance policy with State Farm

2.  That State Farm was notified of the loss;

3.  That State Farm, unreasonably failed to pay policy benefits;

4.  That the plaintiffs were harmed; and

5.  That State Farm's failure to pay policy benefits was a substantial factor in causing the plaintiffs' harm.

To act or fail to act "unreasonably" means that the insurer had no proper cause for its conduct. In determining whether State Farm acted unreasonably, you should consider only the information that State Farm knew or reasonably should have known at the time when it failed to pay policy benefits.

State Farm acted unreasonably, that is, without proper cause, if it failed to conduct a full, fair, and thorough investigation of all of the bases of the claim. When investigating Halonda Naff and Jarvis Naff's claim, State Farm had a duty to diligently search for and consider evidence that supported coverage of the claimed loss.

State Farm claims that it does not have to pay the claim of Halonda Naff and Jarvis Naff because the plaintiffs failed to cooperate in the investigation and handling of the claim. To succeed, State Farm must prove all of the following by a preponderance of the evidence:

1.   That the plaintiffs failed to cooperate in the investigation and handling of the claim;

2.   That State Farm used reasonable efforts to obtain the plaintiffs' cooperation; and

3.   That State Farm was prejudiced by the plaintiffs' failure to cooperate.

To establish prejudice, State Farm must show that cooperation by Halonda Naff and Jarvis Naff was essential to documenting and determining the extent of the claim or it was material to the investigation of suspicious circumstances uncovered by the investigation regarding the validity of the claim.

State Farm did not breach the obligation of good faith and fair dealing if it reasonably relied on the advice of its lawyer. State Farm's reliance was reasonable if:

1.    State Farm acted in reliance on the opinion and advice of its lawyer;

2.    The lawyer's advice was based on full disclosure by State Farm of all relevant facts that it knew, or could have discovered with reasonable effort;

3.    State Farm reasonably believed the advice of the lawyer was correct; and

4.    In relying on its lawyer's advice, State Farm gave at least as much consideration to the plaintiffs' interest as it gave its own interest

State Farm claims that Halonda Naff and Jarvis Naff are not entitled to recover under the insurance policy because they made a false claim. To establish this claim, State Farm must prove all of the following by a preponderance of the evidence:

1.  That the plaintiffs made a claim for insurance benefits under a policy with State Farm;

2.  That the plaintiffs made representations to State Farm regarding the existence, quantity and value of items;

3.  That the plaintiffs' representations were not true;

4.  That the plaintiffs knew that the representation was not true;

5.  That the plaintiffs intended that State Farm rely on these representations in investigating and paying their claim for insurance benefits; and

6.  That the representation regarding the existence, quantity and value of personal property that, if true, would affect a reasonable insurance company's investigation of and decision to pay a claim for insurance benefits.

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on their claim, you must determine the plaintiffs' damages. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendant.

The plaintiffs have the burden of proving damages by a preponderance of the evidence but they do not have to prove the exact amount of damages.  The amount of damages must include an award for all harm that was caused by State Farm, even if the particular harm could not have been anticipated.

In determining the plaintiffs' damages, you should consider the following:

1.     The amount of money owed to the plaintiffs under the terms of their insurance policy with State Farm General Insurance Company.

2.     Mental and emotional pain and suffering experienced as a result of the defendant's conduct.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame. Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

If you decide that State Farm's conduct caused Halonda Naff and Jarvis Naff harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether the plaintiffs have proved that State Farm engaged in that conduct with malice, oppression, or fraud. To do this, the plaintiffs must prove one of the following by clear and convincing evidence:

1.   That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of State Farm  who acted on behalf of State Farm; or

2.   That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of State Farm; or

3.   That one or more officers, directors, or managing agents of State Farm knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that State Farm acted with intent to cause injury or that State Farm's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that State Farm's conduct was despicable and subjected Halonda Naff and Jarvis Naff to cruel and unjust hardship in knowing disregard of their rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that State Farm intentionally misrepresented or concealed a material fact and did so intending to harm Halonda Naff and Jarvis Naff. An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all evidence, discussed it fully, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing: I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember, that you are not to tell anyone – including me – how the jury stands, numerically, or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.